UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
WAYNE HARRIS,                       )
                                    )
                 Plaintiff,         )   No. C11-0551RSL
                                    )
         v.                         )   ORDER DENYING MOTION FOR
                                    )   SUMMARY JUDGMENT
YANDLE MOSS and DARIN BEAM,         )   REGARDING FALSE ARREST
                                    )   CLAIMS
                 Defendants.        )
_____ )

This matter comes before the Court on defendant Darin Beam's "Motion for Partial Summary Judgment." Dkt. # 16.[1] Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] the Court finds as follows:

Plaintiff was arrested at the SeaTac Airport for criminal trespass under RCW 9A.52.070. Pursuant to that statute, "[a] person is guilty of criminal trespass in the first degree if

---

[1] Although the motion was filed on behalf of both defendants, plaintiff has asserted false arrest claims against only Officer Beam.

[2] Pursuant to CR 10(e)(10), references to declarations and exhibits in the parties' memoranda should be as specific as possible: the Court need not, and will not, "scour the record in search of a genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996). See also White v. McDonnell-Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim").

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT REGARDING FALSE ARREST
CLAIMS

he or she knowingly enters or remains unlawfully in a building." It is undisputed that plaintiff was licensed, invited, or otherwise privileged to enter SeaTac Airport on the night of April 6, 2009: the Airport is generally open to the public, and plaintiff had a valid boarding pass for an 11:00 pm flight. The question, then, is whether Officer Beam had probable cause to believe that plaintiff "knowingly . . . remain[ed] unlawfully in the building."

Taking the facts in the light most favorable to plaintiff, Officer Beam twice asked plaintiff to step away from the area behind the Central Security Checkpoint. In such circumstances, Officer Beam would not have probable cause to believe that plaintiff's license to enter and remain in the airport had been revoked,[3] such that his continued presence there became unlawful. See State v. Finley, 97 Wn. App. 129, 137-39 (1999). Although the argument is not clearly stated, defendant seems to be taking the position that plaintiff automatically forfeited his right to remain at SeaTac, and therefore became subject to arrest for criminal trespass, when he failed to comply with the instruction to leave the area behind the security checkpoint. Such an argument is not supported by common sense or Washington law. Under defendant's theory, a customer at a department store who is asked to leave the stockroom or loading dock area would be automatically barred from the entire store. Washington law requires more in order to establish criminal trespass, however. The owner or its agent must take the additional step of affirmatively revoking the customer's privilege to remain in the building before criminal sanctions can be brought to bear. See Finley, 97 Wn. App. at 138-39 (customer who returned to bar after being told to leave and not return "knowingly entered or remained unlawfully" in violation of RCW 9A.52.080); State v. D.C., 131 Wn. App. 1043 at *3 (2006) (juvenile's license to remain was revoked when store manager twice asked him to leave: when juvenile refused to leave, he "knowingly . . . remain[ed] in the building for purposes of RCW 9A.52.070); State v.

---

[3] For purposes of this motion, the Court will assume that Officer Beam had the authority to exclude plaintiff from the airport.

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT REGARDING FALSE ARREST
CLAIMS                                      -2-

T.A.B., 108 Wn. App. 1027 at *2 (2001) (the revocation of a license to remain must be both explicit and in a legally effective form: under the Seattle Municipal Code, a verbal revocation of license to enter a park is insufficient to support a criminal trespass conviction); State v. A.G., 100 Wn. App. 1006 (2000) (state must prove that an individual's privilege to enter the premises was effectively revoked in order to support a finding that a subsequent entry was unlawful).

Under Washington law, simply asking an individual to relocate to another area within the building would not make his continued presence in the building unlawful. When plaintiff failed to leave the Central Security Checkpoint, Officer Beam could have (assuming he had the requisite authority) told plaintiff to leave SeaTac Airport because he had violated a lawful condition imposed on remaining there. He did not do so, however. Absent a lawful revocation of the privilege to remain, there was no reason to suspect that plaintiff had violated RCW 9A.52.070. Looking at the facts in the light most favorable to plaintiff, no such lawful revocation took place.

For all of the foregoing reasons, defendant's motion for summary judgment on the false arrest claims is DENIED. The Court declines to grant summary judgment to plaintiff on the issues of qualified immunity and liability.[4]

Dated this 20th day of September, 2011.

*MWS Lasnik*

Robert S. Lasnik
United States District Judge

---

[4] If discovery reveals that defendants' version of the events of August 6, 2009, is accurate, Officer Beam may have had the authority to arrest plaintiff for failure to leave a secure area following multiple requests and/or may have reasonably believed that he had such authority for purposes of the qualified immunity analysis.

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT REGARDING FALSE ARREST
CLAIMS                                   -3-